UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60532-CIV-SMITH

MARLANDA GRAY PITTMAN,

        Plaintiff,

v.

KILOLO KIJAKAZI, Acting
Commissioner of the Social Security
Administration,

        Defendant.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION AND CLOSING CASE**

This matter is before the Court on Magistrate Judge Reid's Report and Recommendation on Cross-Motions for Summary Judgment [DE 32] and Plaintiff's Objections [DE 33]. Defendant has not filed a response to the Objections. The Report and Recommendation ("R&R") recommends granting Defendant's Motion for Summary Judgment [DE 25] and denying Plaintiff's Motion for Summary Judgment [DE 23]. The R&R found that the Administrative Law Judge's ("ALJ") decision denying benefits was supported by substantial evidence and, thus, recommends that the ALJ's decision be affirmed. Because the Magistrate Judge correctly found that substantial evidence supports the findings of the ALJ, the Court affirms and adopts the Magistrate Judge's Report and Recommendation, overrules Plaintiff's Objections, grants Defendant's Motion for Summary Judgment, and denies Plaintiff's Motion for Summary Judgment.

**I.**     **Standard of Review**

The standard of review of a decision of the Social Security Commissioner applied by a district court is well established:

> In reviewing claims brought under the Social Security Act, [a court's] role is a limited one. [It] may not decide the facts anew, reweigh the evidence, or substitute

[its] judgment for that of the Secretary. Even if [it] find[s] that the evidence preponderates against the Secretary's decision, [it] must affirm if the decision is supported by substantial evidence.

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (alterations added). Substantial evidence is more than a scintilla but less than a preponderance and is generally defined as such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Id.*; *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018).

## II.      Plaintiff's Objections

Plaintiff raises four main objections to the R&R: (1) the Vocational Expert's ("VE") testimony does not constitute "substantial evidence" upon which the ALJ could properly rely; (2) the ALJ failed to properly assess the opinion evidence of record; (3) the ALJ's residual functional capacity ("RFC") finding is not supported by the substantial record evidence; and (4) the ALJ failed to properly assess the Claimant's alleged symptoms and limitations. These are essentially the same arguments Plaintiff made in her Motion for Summary Judgment; in fact, parts of Plaintiff's Objections are taken verbatim from her Motion for Summary Judgment.

### A.      *Plaintiff's First Objection*

Plaintiff first challenges the ALJ's reliance on the testimony of VE Gary Fannin because (1) the VE's jobs numbers did not match the publicly available data; (2) the Dictionary of Occupational Titles ("DOT"), upon which the VE relied, is outdated; (3) VE Fannin miscalculated jobs numbers; and (4) VE Fannin improperly characterized the demands of the "ticketer" job. The first three of these are objections to the method the VE used to calculate the number of jobs in the national economy that Plaintiff is capable of performing. The last challenges whether Plaintiff can perform a specific job.

The Magistrate Judge found Plaintiff's arguments regarding the jobs numbers unpersuasive. Plaintiff's arguments about both the jobs numbers and the VE's jobs numbers

2

calculations are based on the number of ticketer jobs available; however, the Magistrate Judge found that even if the ticketer jobs were not considered, the 100,000 housekeeping cleaner jobs available in the economy amounted to a substantial number of jobs in the national economy. For the same reason, it does not matter if the VE mischaracterized the demands of the ticketer job. The Court finds Plaintiff's reliance on *Viverette v. Commissioner of Social Security*, 13 F.4th 1309, 1319 (11th Cir. 2021), unpersuasive because in *Viverette*, the VE never took the additional step of approximating how many specific jobs within the Standard Occupation Classification ("SOC") system code the claimant could perform. That is not an issue here. Consequently, the VE's testimony constitutes substantial evidence upon which the ALJ could rely and this objection is overruled.

### B.     *Plaintiff's Second Objection*

Next, Plaintiff argues that the ALJ did not provide the requisite "good cause" for according less than "controlling weight" to the opinions of two of Plaintiff's treating physicians, Drs. McRoberts and Hale. Plaintiff relies on the "treating physician's rule," set out in 20 C.F.R. § 404.1527(c). Section 404.1527(c) requires the ALJ to give a treating physician's medical opinion controlling weight unless the ALJ shows good cause for not doing so. The Magistrate Judge found that the ALJ erred by failing to assign weight to Dr. McRoberts' opinion but that the error was harmless because the ALJ's decision indicates that he considered Dr. McRoberts' treatment notes, by citing to them numerous times, and because Dr. McRoberts' opinion was consistent with the record. The Magistrate Judge also found that the ALJ had good cause to give less than controlling weight to Dr. Hale's opinion because Dr. Hale's opinions conflicted with the opinions of testifying experts and Plaintiff's own testimony.

In her Objections, Plaintiff argues that all but one of the ALJ's references to Dr. McRoberts addressed Plaintiff's appearance and demeanor, not Plaintiff's physical impairments. While that

3

may be true, the ALJ considered Dr. McRoberts' opinions, as demonstrated by the numerous citations to Dr. McRoberts' opinions. Moreover, as the Magistrate Judge found, the failure to assign weight to the opinions is harmless error because Dr. McRoberts' opinions are consistent with the record and the ALJ's findings. At Plaintiff's last visit with Dr. McRoberts, he found that Plaintiff's gait was normal, her coordination and fine motor skills were normal, testing implied that she had a full range of motion in her elbows, wrists, fingers, hips, and knees, and that she had a full range of motion in her cervical spine but with pain in her trapezii and levator scapulae. (R. 459.) These opinions are consistent with the ALJ's findings. Thus, there was no harm in the ALJ's failure to explicitly assign weight to Dr. McRoberts' opinions. *See Lara v. Comm'r of Soc. Sec.*, 705 F. App'x 804, 812 (11th Cir. 2017) (finding ALJ's failure to state what weight she assigned to medical opinions harmless because the ALJ's decision reflects that she considered the treatment notes of the medical sources and her decision was consistent with the records).

Plaintiff also argues that the ALJ improperly accorded less than controlling weight to the opinions of Dr. Hale, Plaintiff's board-certified, long-term treating orthopedic surgeon. However, the ALJ explained in his opinion that he was giving little weight to Dr. Hale's opinion because it was not consistent with the record. To support this, the ALJ cited to several examinations between February 2016 and July 2017, which indicated that the degree of limitations opined by Dr. Hale were not supported by the record. Thus, the ALJ did not err in assigning little weight to Dr. Hale's opinions and this objection is overruled.

### C.     *Plaintiff's Third Objection*

Next, Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. The ALJ considered all relevant evidence in making his RFC determination. As noted above, the Court cannot decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ. *See Bloodsworth,* 703 F.2d at 1239. Even if this Court would reach a different conclusion,

4

the Court must affirm if the ALJ's decision is supported by substantial evidence. *Id.* Here, the ALJ's decision is based on substantial evidence. Thus, this objection is overruled.

### D.  *Plaintiff's Fourth Objection*

Last, Plaintiff argues that the ALJ failed to properly assess her symptoms and limitations. However, this objection is nothing more than an unsupported statement. Moreover, the Magistrate addressed this issue in a lengthy discussion, which Plaintiff fails to address in her objection. Further, for the reasons stated by the Magistrate Judge, a review of the record indicates that substantial evidence supported the ALJ's findings regarding Plaintiff's subjective complaints. Thus, this objection is overruled.

The Court having reviewed, *de novo*, the R&R of Magistrate Judge Reid, Plaintiff's Objections, and the record, it is hereby

**ORDERED** that:

(1) Report and Recommendation on Cross-Motions for Summary Judgment [DE 32] is **AFFIRMED and ADOPTED**, and incorporated by reference into this Court's Order;

(2) Defendant's Motion for Summary Judgment [DE 25] is **GRANTED**;

(3) Plaintiff's Motion for Summary Judgment [DE 23] is **DENIED**;

(4) Plaintiff's Objections [DE 33] are **OVERRULED**;

(5) All pending motions not otherwise ruled upon in this Order are **DENIED AS MOOT**; and

(6) This case is **CLOSED**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 26th day of July, 2024.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record